UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALFREDO CERVANTES,

Plaintiff,

v.

J. WOODFORD, et al.,

Defendants.

_______________________________/

CASE NO. 1:09-cv-01863-AWI-MJS (PC)

COMPLAINT DISMISSED WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

**SCREENING ORDER**

## I. PROCEDURAL HISTORY

Plaintiff Alfredo Cervantes (“Plaintiff”), an inmate in the custody of the California Department of Corrections and Rehabilitation (“CDCR”) at Pleasant Valley State Prison (“PVSP”) in Coalinga, California, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 23, 2009. (ECF No. 1.) No other parties have appeared. Plaintiff’s Complaint is now before this Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action on the grounds that Defendants failed to protect him,

subjected him to cruel and unusual punishment, and provided inadequate medical treatment to him, all in violation of the Eighth Amendment, and denied him access to the courts. Plaintiff names the following individuals as Defendants: James Yates, Warden; J. Woodford, Director of Corrections; N. Grannis, Chief Inmate Appeal Branch; J. Herrera, Correctional Counselor II; C. Huckabay, Correctional Counselor II; and R. Ramsey, Correctional Officer/Transportation Officer. All Defendants were employed at Pleasant Valley State Prison ("PVSP").

Plaintiff alleges as follows: On March 3, 2003, Plaintiff was transferred to PVSP. He was not notified of the presence of Coccidioidomycosis ("Valley Fever") or any environmental health hazards there. In October 2005, Plaintiff was diagnosed with Valley Fever and received treatment for approximately two weeks. After being released from the prison hospital, he received no further medical treatment for approximately four months despite numerous requests. Plaintiff ultimately was confined to a wheel chair for two years and, eventually, prescribed medication to treat his Valley Fever.

On June 3, 2008, Plaintiff's heart began racing and he felt ill while being transported in a van by Defendant Ramsey. Another inmate, also being transported in the van, reported an odor of gas and exhaust in the van. He too became ill. Defendant Ramsey advised Plaintiff and the other inmate to hold on until they reached the prison a short distance away. When they reached the prison, Plaintiff passed out, fell, and injured himself. Plaintiff attempted to file a grievance regarding this incident, but it was screened out.

In his request for relief, Plaintiff seeks a declaratory judgment that his rights were violated, compensatory damages, punitive damages, trial by jury, and costs.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Eighth Amendment Claims

#### 1. Cruel and Unusual Punishment/Failure to Protect Claim

It is unclear whether Plaintiff alleges that prison officials subjected him to cruel and usual punishment by placing him at PVSP and failing to inform him of the risk of contracting Valley Fever or simply by failing to protect him from contracting Valley Fever. Either argument presents a potential violation of the Eighth Amendment and will be analyzed under the same standard.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."

Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The Court finds that Plaintiff has failed to state a claim under the Eighth Amendment. He has not alleged that any Defendant had knowledge of any risk to Plaintiff and was deliberately indifferent to that risk. The Court will give Plaintiff leave to amend this claim in an attempt to state a constitutional violation. However, Plaintiff is advised that the courts of this district have repeatedly found claims based on Valley Fever exposure to be insufficient. "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar. 4, 2009); see also Tholmer

v. Yates, 2009 WL 174162, *3 (E.D. Cal., Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").

Plaintiff claims that Defendants were or should have been aware of some risk to Plaintiff's health given the combination of Valley Fever and carbon monoxide poisoning to which he was exposed. However, the Court is unable to discern precisely what Plaintiff is alleging here. If Plaintiff seeks to assert a claim based on some connection between Valley Fever and his possible exposure to carbon monoxide, he must include additional facts and state which Defendant or Defendants are alleged to have intentionally or with deliberate indifference exposed him to a serious risk of serious harm, how and when they did so, what the harm was and why the exposure was deliberate or deliberately indifferent.

2. Medical Care Claim

Plaintiff alleges that Defendants failed to provide adequate medical care after he was diagnosed with Valley Fever. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under

the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff fails to allege facts sufficient to show "deliberate indifference to serious medical needs." Plaintiff has not set forth facts to suggest, nor even alleged, that Defendants were deliberately indifferent to a serious medical condition. He alleges considerable time passed before he received follow-up treatment, but does not allege what if any symptoms he was experiencing, what if any response was made to his requests for treatment, or why he thinks another course of treatment should have been required.

Plaintiff does states that he was confined to a wheel chair for two years, but does not state if or how this was related to his Valley Fever diagnosis and if so why he feels an alternate, constitutionally required course of treatment would have produced a better result.

In short, Plaintiff's Complaint does little more than assert that he was treated in a way he believes inadequate. That is insufficient to state a constitutional violation. The Court will give Plaintiff leave to amend his claim to allege such true facts as may exist in support of his allegations.

To the extent Plaintiff intends to assert a medical care claim based upon alleged carbon monoxide exposure on June 3, 2008, he must be more specific and include true facts sufficient to allege a claim in accordance with the legal requirements set out above. Being exposed to carbon monoxide and becoming ill from it while riding in a prison van does not, by itself, reflect a violation of Plaintiff's constitutional rights. He must show an

intent to violate his rights or an intentional disregard of conditions which would expose him to serious harm. Plaintiff may amend his allegations to address the deficiencies noted herein.

**B. Denial of Access to Courts**

Plaintiff alleges that he is being denied access to the courts by Defendants Herrera's, Grannis's, and Huckabay's inappropriate screening out of Plaintiff's 602 grievance forms.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Forward-looking claims allege "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher, 536 U.S. at 413. In these cases that have yet to be litigated, "the justification for recognizing that [forward-looking] claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." Id. As part of the requirement to plead an injury, a plaintiff must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353; see also Christopher, 536 U.S. at 415. Simply stating that a claim is "nonfrivolous" due to the action of a government official will not satisfy the actual injury requirement. Christopher, 536 U.S. at 415. Rather, the nonfrivolous "underlying cause of action and its lost remedy must be addressed by

allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416. The plaintiff must describe this "predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-418; see Lewis, 518 U.S. at 353 n. 3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value-arguable claims are settled, bought and sold.  Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Rule 11 sanctions.").

Plaintiff alleges that he filed some unspecified grievance with the Prison Authorities Medical Department on March 14, 2008.  They responded on April 1, 2008. Plaintiff resubmitted the grievance on April 15, 2008.  Defendant Herrera screened out Plaintiff's grievance on the grounds that Plaintiff had changed his original issue.  Plaintiff then sent the grievance to Defendant Grannis on May 29, 2008.  Defendant Grannis rejected it on July 2, 2008.  Plaintiff claims that his medical condition and prison lockdowns delayed his further pursuit of administrative remedies until March and April of 2009.

Plaintiff fails to describe the claim he was pursuing. That, as noted, is an essential element to enable the Court to determine if he has a valid claim.  The Court will grant Plaintiff leave to amend this claim.

Additionally, Plaintiff alleges that he filed a grievance on June 20, 2008, and received a response on July 1, 2008.  Plaintiff resubmitted the grievance on July 14, 2008

to Defendant Huckabay, who screened it out. While the Court might infer that this grievance was related to the June 3, 2008 incident in the van, Plaintiff does not so state. Plaintiff again fails to describe the subject matter of his grievance in any detail and, therefore, fails to meet the pleading requirements set forth above. The Court will grant Plaintiff leave to amend this claim.

**C. Inmate Appeals Process**

Plaintiff appears to allege that Defendants failed to respond properly to his inmate appeals.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest, nor a substantive right in inmate

appeals, Plaintiff fails to state a claim in this regard. Amendment of this claim appears futile. Plaintiff would be well-served to devote his energy to pursuing his other claims.

**D. Relief Request**

Plaintiff requests a declaratory judgment stating that his rights were violated by Defendants. With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that Defendants violated Plaintiff's rights is unnecessary.

**E. Personal Participation By Defendants**

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own

misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that Defendants Yates or Woodford personally acted to violate his rights. None of Plaintiff's allegations are specifically linked to Defendants Yates or Woodford. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order as to Defendants Yates or Woodford. Also, as to the remaining Defendants, Plaintiff must be more specific as to how each violated his constitutional rights.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for a declaratory judgment is denied;

2. Plaintiff's complaint is dismissed for failure to state a claim, but with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-1863-AWI-MJS (PC); and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: December 11, 2010

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE