1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO CERVANTES, | CASE NO.    1:09-cv-01863-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL WITH PREJUDICE OF PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. WOODFORD, et al., | |
| Defendants. | (ECF No. 16) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.    PROCEDURAL HISTORY**

Plaintiff Alfredo Cervantes ("Plaintiff"), an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Pleasant Valley State Prison ("PVSP") in Coalinga, California,  proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed his action on October 23, 2009.  (ECF No. 1.)  No other parties have appeared.  Plaintiff's original Complaint was dismissed with leave to amend on December

1

13, 2010.  (ECF No. 11.)  Plaintiff's  February 17, 2011, First Amended Complaint is now

before the Court for screening.  (ECF No. 16.)

For the reasons set forth below, the Court finds that Plaintiff has failed to state a

claim upon which relief may be granted.

**II.    SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual

allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

2

### III.   SUMMARY OF COMPLAINT

Plaintiff alleges that Defendants' failed to protect him, subjected him to cruel and unusual punishment, and provided inadequate medical care to him, all in violation of the Eighth Amendment.  He also alleges that he was  denied access to the courts in violation of the First Amendment.  Plaintiff names the following individuals as Defendants: James Yates, Warden of PVSP and J. Woodford, Director of Corrections.[1]

Plaintiff alleges the following:

On March 3, 2003, Plaintiff was transferred to PVSP.  He was not notified that the prison environment exposed him to health hazards including Valley Fever.  Plaintiff became ill and four months later, in September 2003, was  diagnosed with Valley Fever. Six months later, he was confined to a wheel chair and remained so confined for two years.

At some point, Plaintiff was hospitalized for two weeks for pneumonia.  After his release, he received no further treatment for four months.[2]  Plaintiff also suffered problems with his eyesight.[3]

On June 3, 2008, Plaintiff fell ill and his heart began racing while he was being transported in a prison van.  Another inmate in the van also became ill after smelling  gas and exhaust fumes.  The driver told them to "hold on" until they reached the prison a short distance away.   Upon arrival, Plaintiff passed out, fell, and injured himself.   Plaintiff reported the incident, albeit to no avail.

---

[1] Plaintiff omits from this Amended Complaint several of the Defendants named in his original Complaint.

[2] It is unclear from the Complaint if this is the same four month period of illness described above or for what condition Plaintiff sought treatment during this period.

[3] Plaintiff does not relate his vision problem to his other illness.

3

In his request for relief, Plaintiff seeks a declaratory judgment that his rights were violated, compensatory damages, punitive damages, trial by jury, and costs.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Eighth Amendment Claims

#### 1.   Cruel and Unusual Punishment/Failure to Protect Claim

Plaintiff alleges that prison officials subjected him to cruel and usual punishment by placing him at PVSP without informing him of the risk of contracting Valley Fever and without protecting him from contracting Valley Fever.  Both claims allege violations of the Eighth Amendment and will be analyzed simultaneously thereunder.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  A plaintiff who

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14

claims that the conditions of his confinement fall below the constitutional standard must make two showings.  "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citation omitted). "The Constitution . . . 'does not mandate comfortable prisons, and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations omitted).  Second, the prisoner must make a "subjective" showing that prison officials "acted with the requisite culpable intent such that the infliction of pain is 'unnecessary and wanton.'  In prison conditions cases, prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmate's suffering." Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995).

15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff alleges that Defendants knew or should have known of the risk of his contracting Valley Fever at PVSP and yet failed to protect him from that risk  in violation of the Eighth Amendment. As Plaintiff was informed in the Court's prior Screening Order, courts of this district have repeatedly found such claims to be insufficient.  "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."  King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar. 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal., Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate

5

Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").

Plaintiff's pleading does not support a claim of deliberate indifference to his health risks. As he previously was advised, his bare, conclusory statement that Defendants knew or should have known of the risk posed by Valley Fever adds little.  As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. At 1949.

 Plaintiff was advised of these deficiencies in his Complaint and of the pleading standards necessary to correct the deficiencies.  He was given an opportunity to correct them.  He has failed to do so.  Further amendment of this claim would be futile.

Similarly, with regard  to the incident in the vehicle, the Court previously notified Plaintiff that he needed to include additional facts to state a claim and needed to identify a particular Defendant liable for the alleged wrongs.  (ECF No. 11 at 6.)  He has failed to do either.  Thus, the Court finds that amendment of this claim also would be futile.

In short, Plaintiff was notified of relevant legal standards and of the deficiencies in his prior complaint.  His First Amended Complaint contains nothing materially different. The First Amended Complaint again fails to state a claim.  Accordingly, the Court will recommend that this claim be dismissed without further leave to amend.

2.   Medical Care Claim

Plaintiff alleges that despite his repeated requests, Defendants failed to provide adequate medical care for four months.

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

6

inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In its prior Screening Order, the Court informed Plaintiff that, to state an such a medical care claim, he needed to provide additional facts about his condition and how it was harmed by the four month delay in treatment.  (ECF No. 11 at 8.)

Plaintiff alleges that he was treated for two weeks for pneumonia, and then did not treated again until four months afterward.  However, he has failed to describe any harm suffered as a result of the alleged delay in treatment.  He fails to allege what he sought treatment for during this period.  It is not clear whether he had been diagnosed with Valley Fever yet.  In what appears to be an aside, he states that he suffered eye problems, but he does not state how or if these problems were related to his other conditions, whether

7

he requested treatment for his eyes, or whether he received treatment for his eyes.  Again, Plaintiff's First Amended Complaint does little more than assert that he was treated in a way he believes inadequate.  That is insufficient to state a constitutional violation.  Sanches v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff again fails to set forth facts sufficient to show that Defendants were deliberately indifferent to a serious medical condition.

As to the incident in the vehicle, Plaintiff was urged by the Court's Screening Order to be more specific and include more facts.  (ECF No. 11 at 8-9.)  He failed to do so.  His allegations that he became sick while in a van, passed out, fell, and injured himself are insufficient to state a claim for deliberate indifference.  Additionally, Plaintiff fails to attribute responsibility for this event to any named Defendant.

Thus, despite having been notified of the deficiencies in his prior complaint and relevant legal standards relating thereto, Plaintiff's First Amended Complaint sets forth allegations similar, and similarly deficient, to those contained in his previous complaint.  Plaintiff's First Amended Complaint again fails to state a claim.  The Court recommends that this claim be dismissed without further leave to amend.

## B.   Denial of Access to Courts

Plaintiff alleges that he is being denied access to the courts.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15

8

1  (2002).  Forward-looking claims allege "that systemic official action frustrates a plaintiff or

2  plaintiff class in preparing and filing suits at the present time."  Christopher, 536 U.S. at

3  413.  In these cases that have yet to be litigated, "the justification for recognizing that

4  [forward-looking] claim, is to place the plaintiff in a position to pursue a separate claim for

5  relief once the frustrating condition has been removed."  Id.  As part of the requirement to

6  plead an injury, a plaintiff must allege that "a nonfrivolous legal claim had been frustrated

7  or was being impeded."  Lewis, 518 U.S. at 353; see also Christopher, 536 U.S. at 415.

8  Simply stating that a claim is "nonfrivolous" due to the action of a government official will

9  not satisfy the actual injury requirement.  Christopher, 536 U.S. at 415.  Rather, the

10 nonfrivolous "underlying cause of action and its lost remedy must be addressed by

11 allegations in the complaint sufficient to give fair notice to a defendant."  Id. at 416.  The

12 plaintiff must describe this "predicate claim . . . well enough to apply the 'nonfrivolous' test

13 and to show that the 'arguable' nature of the underlying claim is more than hope."  Id.  The

14 complaint should "state the underlying claim in accordance with Federal Rule of Civil

15 Procedure 8(a) just as if it were being independently pursued, and a like plain statement

16 should describe any remedy available under the access claim and presently unique to it."

17 Id. at 417-418; see Lewis, 518 U.S. at 353 n. 3 ("Depriving someone of an arguable

18 (though not yet established) claim inflicts actual injury because it deprives him of

19 something of value-arguable claims are settled, bought and sold.  Depriving someone of

20 a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the

21 punishment of Rule 11 sanctions.").

22     In the prior Screening Order, Plaintiff was informed that he needed to specifically

23 describe the claim he was pursuing so that the Court could determine if it was a viable

9

claim.  His  Amended Complaint  fails to describe in any detail the claims or grievances he

was frustrated in pursuing and fails to attribute wrongul conduct to a named Defendant.[4]

Plaintiff has againsfailed to state a claim, and for the reasons stated above,  the

Court will recommend that this claim be dismissed without further leave to amend.

**C.**   **Inmate Appeals Process**

Again, Plaintiff appears to be alleging that Defendants failed to respond properly to

his inmate appeals.

As noted in the Screening Order, Defendants' actions in responding to Plaintiff's

appeals alone cannot give rise to any claims for relief under Section 1983 for violation of

due process.  "[A prison] grievance procedure is a procedural right only, it does not confer

any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez

v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d

641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on

prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise

to a protected liberty interest requiring the procedural protections envisioned by the

Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315,

316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal cannot serve

as the basis for liability under a Section 1983 action.  Buckley, 997 F.2d at 495.

---

[4] As noted above, Plaintiff has named fewer Defendants in this Complaint.  The only Defendants named in the Amended Complaint are Woodford and Yates.  Plaintiff fails to attribute any particular conduct to either of these Defendants.

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard.  The Court will recommend that this claim be dismissed without further leave to amend.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff has filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 11, & 16.)  Even after receiving the Court's guidance, Plaintiff failed to make any alterations or to include additional facts to address the noted deficiencies.  Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned

11

"Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 23, 2011          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

12