1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                EASTERN DISTRICT OF CALIFORNIA

10

11   ALFREDO CERVANTES,                    Case No. 1:09-cv-01863 AWI MJS (PC)

12           Plaintiff,
                                           ORDER DENYING MOTION FOR
13   vs.                                   APPOINTMENT OF COUNSEL

14   J. WOODFORD, et al.,
                                           (ECF No. 14)
15           Defendants.
                                           AND DENYING MOTION FOR EXTENSION
16   _____/      OF TIME

17                                          (ECF No. 15)

18         On February 14, 2011, Plaintiff filed a motion seeking the appointment of counsel.

19    (ECF No. 14.)  Plaintiff does not have a constitutional right to appointed counsel in this

20   action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot

21   require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v.

22   United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct.

23   1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request

24   the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at

25   1525.

26         Without a reasonable method of securing and compensating counsel, the Court will

27   seek volunteer counsel only in the most serious and exceptional cases.  In determining

28   whether "exceptional circumstances exist, the district court must evaluate both the

                                          -1-

likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

Also on February 14, 2011, Plaintiff filed a Motion for Extension of Time to file his amended complaint.  Before the Court could address Plaintiff's Motion for Extension, Plaintiff filed his amended complaint. (ECF No. 16.)  Accordindgly, Plaintiff's Motion for Extension is moot and is denied.

IT IS SO ORDERED.

Dated:    February 25, 2011            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE